KERN, SEGAL & MURRAY
  Philip A. Segal (SBN 137633)
  phil@kernlaw.com
15 Southgate Avenue, Suite 200
Daly City, CA 94015
Tel: (415) 474-1900 Fax: (415) 474-0302

Attorney for Defendants Mercury General Corporation,
Mercury Casualty Company, California Automobile Insurance Company,
Randall R. Petro, Tara L. Strong, Kern Segal & Murray, Philip A. Segal,
Bryana S. McGuirk, Todd P. Drakeford, Michael G. Thomas, Grace M.
Harriett

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. ISON AND THE ISON LAW FIRM, PC,<br><br>      Plaintiffs,<br><br>  vs.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO, ETHAN P. SCHULMAN, THE JUDICIAL COUNCIL OF CALIFORNIA, TANI G. CANTIL-SAKAUYE, MERCURY INSURANCE COMPANY, MERCURY CASUALTY COMPANY, CALIFORNIA AUTOMOBILE INSURANCE COMPANY, RANDALL R. PETRO, TARA L. STRONG, KERN SEGAL & MURRAY, PHILIP A. SEGAL, BRYANA S. MCGUIRK, TODD P. DRAKEFORD, MICHAEL S. THOMAS, GRACE M. HARRIET, STUART D. DIAMOND, STUART DIAMOND LAW & MEDIATION OFFICE, STACEY DIAMOND-GARCIA AND DOES 1 TO 25,<br><br>      Defendants. | Case No.: 2:21-cv-01546-MCE-KJN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>[Concurrently filed with Notice of Motion and Motion; Request for Judicial Notice and Proposed Order]<br>  Date:      November 4, 2021<br>  Time:      2:00 p.m.<br>  Place:     Robert T. Matsui United States Courthouse<br>          501 I Street<br>          Sacramento, CA 95814<br>  Courtroom: 7, 14th Floor<br>Assigned to Hon. Morrison C. England, Jr. |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................7

FACTUAL AND PROCEDURAL BACKGROUND ...................................9

ARGUMENT...............................................................................................12

I.     The Standard for Evaluating Motions Under Fed. R. Civ. P. 12(b)(6).
       ...........................................................................................................12

II.    This Court should dismiss these claims based upon the doctrines of res
       judicata and collateral estoppel. .......................................................14

III.   This Court should dismiss Plaintiff's claims in the Federal Complaint
       against the non-judicial defendants based upon lack of jurisdiction due
       to the doctrine of abstention because otherwise Plaintiffs would obtain
       a de-facto appeal of the state court orders in contravention of *the
       Rooker-Feldman* doctrine. .................................................................17

IV.    The Court should grant Defendants' Motion to Dismiss on the basis
       that the two conspiracy-premised causes of action (RICO and Civil
       Rights) fail to state plausible claims. ................................................20

       A. The Civil Rights conspiracy claim (4th Cause of Action) fails
          because Plaintiffs Have Failed to State Claims Cognizable Under
          42 U.S.C. § 1983 Against Any Non-Judicial Defendant. ........21

       B. Plaintiffs' RICO Claim (5th Cause of Action) fails and Must Also
          Be Dismissed. .......................................................................22

CONCLUSION ...........................................................................................26

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

1

## **TABLE OF AUTHORITIES**

2

3

## **FEDERAL CASES**

4

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)..............................................................................12, 13

5

6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................12, 13

7

8

*Beltran v. State of Calif.*,
    (9th Cir. 1988) 871 F2d 777 .............................................................................18

9

10

*Caterpillar Inc. v. Williams*,
    (1987) 482 US 386, 107 S.Ct. 2425, fn. 7 .......................................................16

11

12

*D.C. Court of Appeals v. Feldman*,
    460 U.S. 462 (1983).................................................................8, 17, 19, 20, 21

13

14

*Forsyth v. Humana, Inc.*,
    114 F.3d 1467 (9th Cir. 1997) ..........................................................................23

15

16

*Gomes v. Santa Clara Cty.*,
    2020 U.S.Dist.LEXIS 148095 ...............................................................19, 20, 21

17

18

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) .......................................................................24, 26

19

20

*Hoskins v. Bekins Van Lines*,
    (5th Cir. 2003) 343 F3d 769 .............................................................................16

21

22

*Howard v. Am. Online, Inc.*,
    208 F.3d 741 (9th Cir. 2000) ...........................................................................13

23

24

*Lancaster Comty. Hosp. v. Antelope Valley Hosp. Dist.*,
    940 F.2d 397 (9th Cir. 1991) ...............................................................24, 25, 26

25

26

*Lebbos v. Judges of Superior Court, Santa Clara County*,
    (9th Cir. 1989) 883 F2d 810 .............................................................................17

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

*Loumena v. Kennedy*,
  2015 WL 906070 (N.D. Cal. Feb. 27, 2015) ..................................................... 19

*Matsushita Elec. Indus. Co., Ltd. v. Epstein*,
  (1996) 516 US 367, 116 S.Ct. 873 ................................................. 14

*Mohebbi v. Khazen*,
  50 F.Supp.3d 1234 (N.D. Cal. 2014) ................................................. 24

*Nevijel v. North Coast Life Ins. Co.*,
  651 F.2d 671 (9th Cir.1981) .......................................................... 13

*Odom v Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ......................................................... 24

*Parsons Steel, Inc. v. First Alabama Bank*,
  (1986) 474 US 518, 106 S.Ct. 768 ................................................. 14

*Pennzoil Co. v. Texaco, Inc.*,
  (1987) 481 U.S. 1, 107 S.Ct. 1519,fn. 12 ................................................. 17, 18

*Reusser v. Wachovia Bank*,
  525 F.3d 855 (9th Cir. 2008) .......................................................... 19

*Rooker v. Fidelity Trust Co.*,
  263 U.S. 413 (1923)................................................8, 17, 19, 20, 21

*Stock W, Inc. v. Confederated Tribes*,
  873 F.2d 1221 (9th Cir. 1989) ......................................................... 14

*U.S. Concord, Inc. v. Harris Graphics Corp.*,
  757 F.Supp. 1053 (N.D. Cal. 1991)................................................. 25

*U.S. v. Turkette*,
  452 U.S. 576 (1981)......................................................................... 23

*United States v. Gaubert*,
  499 U.S. 315 (1991)......................................................................... 12

*United States v. Green*,
  745 F.2d 1205 (9th Cir. 1984) ......................................................... 25

- 4 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States v. Louderman,*
  576 F.2d 1383 (9th Cir.  1978) ........................................................................ 25

*Vess v. Ciba-Geigy Corp.,*
  317 F.3d 1097 (9th Cir. 2003) ........................................................................ 25

## **CALIFORNIA CASES**

*Aguilar v. Goldstein,*
  (2012) 207 Cal.App.4th 1152 ........................................................................ 16

*Castillo v. Pacheco,*
  (2007) 150 Cal.App.4th 242 ........................................................................ 16

*Clark v. Mazgani,*
  (2009) 170 Cal.App.4th 1281 ........................................................................ 16

*First Western Development Corp. v. Superior Court,*
  (1989) 212 Cal.App.3d 860 ........................................................................ 20

*Hatley v. Mauro,*
  (2006) 39 Cal.4th 299 ........................................................................ 15

*In re Koven,*
  134 Cal.App.4th ........................................................................ 18, 19

*Kashian v. Harriman,*
  (2002) 98 Cal.App.4th 892 ........................................................................ 17

*Kinsmith Financial Corp. v. Gilroy,*
  (2003) 105 Cal.App.4th 447 ........................................................................ 16

*Lincoln Property Co., N.C., Inc. v .Travelers Indemnity Co.,*
  (2006) 137 Cal.App.4th 905 ........................................................................ 14

*People v. Armstrong,*
  (2019) 6 Cal.5th 735 ........................................................................ 19

*Ramirez v. State Bar,*
  (1980) 28 Cal.3d 402 ........................................................................ 19

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

## **FEDERAL STATUTES**

18 U.S.C. § 1341 ............................................................................................. 23
18 U.S.C. § 1343 ............................................................................................. 23
18 U.S.C. § 1961 .................................................................................. 7, 21, 23
18 U.S.C. § 1962 ............................................................................................. 22
28 USC § 1738 ................................................................................................ 14
42 U.S.C. § 1983 .................................................................................. 7, 19, 21
42 U.S.C. § 1985(c) ........................................................................................... 7

## **CALIFORNIA STATUES**

Code Civ. Proc.§ 425.16(i) ............................................................................ 16
Evid. Code § 1119 .......................................................................................... 17
Evid. Code § 1121 .......................................................................................... 17
Evid. Code § 1128 .......................................................................................... 17

## **RULES**

Fed. R. Civ. P. 8(a) .................................................................................. 12, 13
Fed. R. Civ. P. 9(b) .................................................................................. 24, 25
Fed. R. Civ. P. 12(b)(6) ................................................................................. 12
Fed. R. Civ. P. 12(b)(1) ................................................................................. 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

## INTRODUCTION

Plaintiffs filed their federal complaint alleging due process, civil rights and First Amendment violations; declaratory relief; and violation of RICO (herein "Plaintiffs' Complaint"). This Complaint names as defendants a State Court judicial officer, the San Francisco Superior Court, the Judicial Council, Chief Justice Tani Cantil-Sakauye (collectively "the Judicial Defendants"), as well as the non-judicial Defendants, which include counsel (herein, "Kern Segal & Murray" or "KSM"), an insurance carrier (herein, "Mercury Insurance" or "Mercury") and a mediator. This Motion to Dismiss is made on behalf of the Mercury and KSM Defendants,[1] against the 4th Cause of Action (42 U.S.C. § 1985(c) – Civil Rights Act – 42 U.S.C. § 1983) and 5th Cause of Action (18 U.S.C. § 1961 et seq. – RICO) of Plaintiffs' Complaint.

The moving non-judicial Defendants are entitled to a dismissal of Plaintiffs' Complaint because the factual allegations are implausible on their face and fail to support any cause of action as a matter of law. Moreover, this Court lacks subject matter jurisdiction to redress Plaintiffs' dissatisfaction with the State Court's rulings. Plaintiffs' Complaint is furthermore precluded by res judicata and collateral estoppel, as the State Court properly struck Plaintiffs'

---

[1] The Moving "Non-Judicial" Parties are as follows: Mercury Insurance Company, Mercury Casualty Company, California Automobile Insurance Company, Randall R. Petro, Tara L. Strong, Kern Segal & Murray, Phillip A. Segal, Bryana S. McGuirk, Todd P. Drakeford, Michael G. Thomas and Grace M. Harriett.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT

state court complaint, and this federal suit is re-litigation of those matters.

Plaintiffs' Complaint concedes that two pending "underlying state court cases…give rise to this federal lawsuit…" (Complaint, ¶¶ 3, 4). Plaintiff Ison's (herein, "Ison") claim, without any supporting evidence and contrary to two sworn declarations, that their clients in the San Mateo Superior Court action were victims of a "sham mediation." (Complaint, ¶ 5). This speculative conspiracy theory was the gravamen of a Complaint filed by Plaintiffs Ison and the Ison Law Firm (collectively "Attorney Ison") in the San Francisco Superior Court action against effectively the same non-judicial parties including Mercury and its employees, the defense law firm and its lawyers, and the mediator and its employees. The same conspiracy theory remains the gravamen of Plaintiffs' federal Complaint, against the same non-judicial defendants including adding more attorney defendants for no apparent reason.

The Court should dismiss Plaintiffs' claims in the federal Complaint against the non-judicial defendants based upon lack of jurisdiction due to the doctrine of abstention because otherwise Plaintiffs would obtain a de-facto federal appeal of the state court orders and judgment in contravention of the *Rooker-Feldman* doctrine. This Court should also grant Defendants' Motion to Dismiss as the two conspiracy-premised, re-packaged RICO and Civil Rights claims fail to state plausible causes of action against the non-judicial Defendants.

///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

## **FACTUAL AND PROCEDURAL BACKGROUND**

On September 13, 2019, Plaintiff Ison, on behalf of his clients, Brenda Talens, et al,., filed a personal injury lawsuit in the San Mateo Superior Court (Case #19CIV05403, herein, "the *Talens* Case") against Defendants The Japanese Feast, Inc., Kenichi Kawashima, and Samuel E. Hernandez. Mercury Insurance assigned Kern, Segal & Murray as defense counsel. The *Talens* case is still pending in the San Mateo Superior Court. (RJN #K). During the course of the *Talens* case, a dispute arose over attendance at the December 16, 2020 mediation which concluded, after four hours, without a settlement.

On December 31, 2020, Attorney Ison filed a Complaint against Mercury and KSM in San Francisco Superior Court (Case #CGC-20-589080), arising from disputes in the *Talens* case. (RJN #H). On March 17, 2021, Attorney Ison then filed an amended complaint (herein "FAC") against Mercury and its counsel in the San Francisco Superior Court for defamation, abuse of process, civil rights violations, intentional infliction of emotional distress, fraud and deceit, and violation of the Unfair Competition Law. (RJN #G). On June 7, 2021, Attorney Ison was granted leave to re-file a complete copy of Plaintiffs' FAC to include a missing page. (RJN #R). The gravamen of the FAC is succinctly summarized in the State Court's recent Order finding Attorney Ison guilty on five (5) counts of criminal contempt of Court.

On March 17, 2021, Plaintiffs James J. Ison and his law firm, the Ison Law

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Firm, PC, filed an amended complaint against Mercury and its counsel in the San Francisco Superior Court . . . The amended complaint alleged that the parties to that action had agreed to attend an in-person mediation on December 16, 2020 at the San Rafael offices of a third party mediator, Stuart Diamond. After several hours, the parties reached an impasse and everyone left. **The [FAC] was based on Attorney Ison's improbable claim that the mediator had conspired with defense counsel and the insurance adjuster to defraud him by telling him that counsel and the adjuster were physically present in a conference room down the hall when in fact they were not in the building. In Attorney Ison's view, the mediation was a "sham" in which the mediator went back and forth between Ison and an empty room for four hours**. The [FAC] asserted causes of action against Mercury and its counsel.

(RJN #C, pg. 2 line 20 through pg. 3, line 5, emphasis added)

On July 12, 2001, the State Court granted Defendants Mercury General Corporation and Randall R. Petro's (the "Mercury Defendants") Anti-Slapp motion to strike Plaintiffs' FAC. (RJN #'s A, L, M and N). Following the State Court's Anti-SLAPP ruling, Plaintiffs filed a motion for reconsideration wherein Attorney Ison "made numerous statements that impugned the integrity of the Court." (RJN #C, pg. 3; see also, RJN #S, T and U). Similarly, on August 6, 2021, Attorney Ison filed another brief in support of a motion to tax costs. Attorney Ison "used the motion to repeat, and amplify, his prior accusations against the Court." (RJN #C, pg. 4).

On August 27, 2021, Attorney Ison filed this lawsuit.

On August 30, 2021, the State Court denied Plaintiffs' motion for reconsideration. (RJN #E). The State Court's Order "rejected as 'utterly specious' Plaintiffs' argument that the Court's 'unexpected disobedience of the law' in

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

ruling on the motion constituted 'new evidence' warranting reconsideration." (RJN #C, pg. 5). The same day, the State Court issued an Order to Show Cause re contempt, set for hearing on September 20, 2021. (RJN #F). The OSC provided that Attorney Ison could file a response by September 7, 2021. (RJN #F, pg. 2, line 6-7). Attorney Ison then attempted to force the State Court Judge to recuse himself by: 1) filing a verified "Statement Of Disqualification" on September 7th (RJN #I); and 2) seeking a federal Temporary Restraining Order ("TRO") against the State Trial Judge from adjudicating Attorney Ison's Contempt proceeding.

On September 7, 2021, in an Opposition to the Mercury Defendants' Motion for Attorneys' Fees, Attorney Ison charged the Court with "corruption" and of "a willful and deliberate attempt to fix this case in Mercury's favor. Attorney Ison accused the State Trial Court of being "an active participant in [Defendants'] criminal enterprise," and that the Court's law and motion department of being "the hub of a criminal enterprise engaged in racketeering activities." (RJN #C, pg. 8). On September 14, 2021, the State Court struck Ison's purported Statement of Disqualification. (RJN #D). The Court specifically noted that "Attorney Ison's apparent attempt to prevent this Court from holding him in contempt was unavailing." (RJN #C, pg. 5).

On September 17, 2021, this Court denied Plaintiffs' Motion for TRO that was filed by Plaintiffs.  On September 17, 2021 Attorney Ison also filed his response to the OSC re: contempt. (RJN #J).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

On September 20, 2021, the State Court heard several matters including the KSM Defendants' Anti-SLAPP motion (RJN #'s B, O, P, and Q), and the Court's order to show cause re contempt. The Court granted the KSM Defendants' Anti-Slapp motion. (RJN #B). The State Court also entered an Order finding Ison in contempt of Court. (RJN #C).

## ARGUMENT

### I.    The Standard for Evaluating Motions Under Fed. R. Civ. P. 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must make allegations with sufficient factual detail under Rule 8(a) that, if those allegations were assumed to be true, the Court could reasonably infer liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949.

A motion for dismissal under Rule 12(b)(6) must be granted when a plaintiff is not entitled to relief as a matter of law, even assuming the truth of the factual allegations set forth in complaint. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). Further, Dismissal is appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

reveal evidence of'" each necessary element. *Id.* at 556.

A complaint that alleges mere "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557. A complaint setting forth nothing more than "a formulaic recitation of the elements of a cause of action" should be dismissed. *Twombly*, 550 U.S. at 555. The allegations must be clear, factual, and sufficient "to raise a right to relief above the speculative level." *Ibid*. A complaint should also be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). A verbose complaint is unacceptable. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981).

When evaluating a motion to dismiss, the Court should ignore "[c]onclusory allegations," which "are insufficient to preclude dismissal." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 750 (9th Cir. 2000). The Court should evaluate whether the complaint has stated enough factual allegations that are more than a "sheer possibility that a defendant has acted unlawfully" to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50 ["[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." (emphasis added)].

Further, Rule 12(b)(1) provides for dismissal where a court lacks subject

- 13 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

matter jurisdiction. Subject matter jurisdiction is absolute. A court is under an

obligation to dismiss a case in which it lacks jurisdiction. In fact, it is presumed

to lack jurisdiction until proven otherwise. *Stock W, Inc. v. Confederated Tribes*,

873 F.2d 1221, 1225 (9th Cir. 1989).

## II.    This Court should dismiss these claims based upon the doctrines of <u>res judicata</u> and <u>collateral estoppel</u>.

The theory of res judicata precludes two types of behavior: 1) filing a

second suit while a related first suit is still pending, and 2) filing a suit seeking

a "second bite at the apple" on a claim that has already been decided by a prior

judgment. Both types of behavior are at issue here. Here, Plaintiffs' Complaint

is barred against the non-judicial defendants pursuant to the doctrine of res

judicata. *Lincoln Property Co., N.C., Inc. v .Travelers Indemnity Co*. (2006)

137 Cal.App.4th 905, 912. "Under this doctrine, all claims based on the same

cause of action must be decided in a single suit" and "if not brought initially,

they may not be raised at a later date.*" Ibid*.

State court judgments are entitled to "full faith and credit" in federal court

(28 USC § 1738). This "requires that federal courts give the state court's

resolution of the res judicata issue the same preclusive effect it would have had

in another court of the same state." *Parsons Steel, Inc. v. First Alabama Bank*

(1986) 106 S.Ct. 768, 772-773. This applies to issue preclusion (collateral

estoppel) as well as claim preclusion (res judicata). *Matsushita Elec. Indus. Co.,

Ltd. v. Epstein* (1996) 116 S.Ct. 873, 878 (whether prior state court judgment

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

entitled to collateral estoppel effect is determined by state law, even on claims within exclusive federal court jurisdiction). Plaintiffs' Complaint in this federal action relies on essentially the same set of facts and allegations that were already adjudicated against Plaintiffs in the pending state court action.

> The [FAC] was based on Attorney Ison's improbable claim that the mediator had conspired with defense counsel and the insurance adjuster to defraud him by telling him that counsel and the adjuster were physically present in a conference room down the hall when in fact they were not in the building. In Attorney Ison's view, the mediation was a "sham" in which the mediator went back and forth between Ison and an empty room for four hours. The [FAC] asserted causes of action against Mercury and its counsel.

(RJN #C, pg. 2 line 20 through pg. 3, line 5, emphasis added). The State Court properly entered Orders granting both Mercury and KSM Defendants' Special Anti-Slapp Motions.

> By order filed July 12, 2021, the Court granted the Mercury Defendants' anti-SLAPP motion. The Court found first that the [FAC] arose from protected activity under the anti-SLAPP statute-i.e., allegations concerning defendants' communications and other protected litigation activity in the underlying San Mateo County personal injury motor vehicle action. The Court rejected plaintiffs' argument that defendants' conduct was "conclusively" illegal within the meaning of *Hatley v. Mauro* (2006) 39 Cal.4th 299. Next, the Court found that plaintiffs did not meet their burden to establish via admissible evidence a probability of prevailing on their claims. It noted that contrary to plaintiffs' unsupported and speculative claim, both the mediator and defense counsel had filed sworn declarations stating that they were, in fact, physically present at the mediation. Finally, it found that plaintiffs' claims were barred by the absolute litigation privilege found in Civil Code section 47(b).

(RJN #C, pg. 3; see also, RJN #'s A and B)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Here, the gravamen of the state court action conduct at issue that resulted in the SF Superior Court Orders granting the Anti-Slapp motions of both the Mercury and KSM Defendants is the same alleged conduct that has been re-packaged by Plaintiffs in this federal action.[2] Plaintiffs were the master of their own claims and Plaintiffs selected the underlying state court venue. *Caterpillar Inc. v. Williams* (1987) 482 US 386, 392, 107 S.Ct. 2425, 2429, fn. 7. Here, Plaintiffs elected to file essentially identical "sham mediation" claims that are now precluded by collateral estoppel. *Hoskins v. Bekins Van Lines* (5th Cir. 2003) 343 F3d 769, 772.

Plaintiffs are not entitled to a de facto appeal through the filing of a federal action based upon the same alleged factual allegations against non-judicial defendants. Plaintiffs' remedy for dissatisfaction with the state court's adverse Anti-SLAPP rulings was a state court appeal. Code Civ. Proc.§ 425.16(i); *Kinsmith Financial Corp. v. Gilroy* (2003) 105 Cal.App.4th 447, 452. In this case, Plaintiffs assert the same facts against the non-judicial defendants in an attempt to avoid rulings in the pending state court action wherein the State Court already applied California's mediation privilege and litigation privilege in

---

[2] An anti-SLAPP motion is properly granted even if some of the allegations of the complaint involve activity other than the exercise of free speech or petition. So long as the "principal thrust or gravamen" of the complaint is aimed at protected activity, the anti-SLAPP statute applies to bar the entire lawsuit. *Castillo v. Pacheco* (2007) 150 Cal.App.4th 242, 249; *Aguilar v. Goldstein* (2012) 207 Cal.App.4th 1152, 1161. "The definitional focus is not on the form of the plaintiff's cause of action, but on the defendant's activity that gives rise to his or her asserted liability." *Clark v. Mazgani* (2009) 170 Cal.App.4th 1281, 1286.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

the Court of granting two Anti-Slapp motions.[3]

### III.   This Court should dismiss Plaintiff's claims in the Federal Complaint against the non-judicial defendants based upon lack of jurisdiction due to the <u>doctrine of abstention</u> because otherwise Plaintiffs would obtain a de-facto appeal of the state court orders in contravention of *the Rooker-Feldman* doctrine.

This case is a naked attempt to contrive recusal of a State Court Judge once he faced an adverse ruling from the State Court on their Anti-SLAPP motion. Attorney Ison then filed this frivolous action instead of properly appealing the adverse ruling. In short, this is judge-shopping.

This Court should abstain from interfering in the pending state court action pursuant to *Pennzoil Co. v. Texaco, Inc*. (1987) 107 S.Ct. 1519, 1527 fn. 12. It is sufficient to abstain, if, as here, Plaintiffs could have presented the federal claims in the state proceedings. *Lebbos v. Judges of Superior Court, Santa Clara County* (9th Cir. 1989) 883 F2d 810, 815.

> [T]his court has stated that three requirements must be satisfied before a federal court may properly invoke the *Younger* abstention doctrine: "(1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings."

> *Id.* at 813-814 (internal citations omitted). *Younger* abstention

applies to suits seeking declaratory relief on constitutional issues before

---

[3] The litigation privilege under Civ. Code § 47(b) is absolute and prohibits all tort actions that are based upon a protected communication. *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 913. Moreover, "any doubt about whether the privilege applies is resolved in favor of applying it." *Id*. at 913. Mediation, including communications about and references to, is privileged and protected pursuant to Evid. Code §§ 1119, 1121, and 1128.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

state courts in pending proceedings. *Beltran v. State of Calif.* (9th Cir. 1988) 871 F2d 777, 782. Federal Courts should also abstain when plaintiffs seek to enjoin state court judgments. *Pennzoil Co.*, supra, at 13-14.

Attorney Ison filed this federal court action against the State Court Judge (with the San Francisco Superior Court, the Chief Justice, and the Judicial Council) and the non-judicial defendants following adverse rulings in the state court action. This action transparently seeks to thwart the State Court proceedings. As such, this Court should abstain from interference in said proceedings. Abstention in this case requires dismissal because the State Court has already adjudicated Plaintiffs' frivolous conspiracy theory accusing the non-judicial defendants of conspiring with the state court judge to "fix" the outcome of the Anti-Slapp motions.

> *Attorney Ison also impugned the integrity of opposing counsel and their clients. In addition to the numerous statements quoted above accusing Defendants and their counsel without basis of everything from fraud to perjury to racketeering*, the record contains a deposition transcript in which Attorney Ison saw fit to accuse an individual defendant of making an "outright lie" in responding to questions. In response to opposing counsel's objection, he was unapologetic: "I am calling him a liar. Yes, I am." (Ison Decl. (filed July 26, 2021), Ex.E at 108:12, 109:11-15.) "**It appears to us that [Attorney Ison's] approach to litigation ... focused upon impugning the integrity of everyone in the legal system, whether judges, justices, attorneys, or expert witnesses, who obstruct the achievement of [his] goals. This shows a pattern of abuse which serves to aggravate the contempts committed here**." (*In re Koven*, 134 Cal.App.4th at 276.)

(RJN #C, pg. 10, emphasis added)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

As the State Court's contempt ruling explained, Plaintiffs' mere dissatisfaction or disagreement with the State Court's rulings does not establish bias and cannot support speculative conspiracy allegations against the judicial defendants, much less the non-judicial defendants. *People v. Armstrong* (2019) 6 Cal.5th 735, 798; *In re Koven* (2005) 134 Cal.App.4th 262, 272, 276-277 [["We can think of no accusation more serious or injurious to a court's reputation than that it 'conspired' with a party to 'fix' the case."]; *Ramirez v. State Bar* (1980) 28 Cal.3d 402, 406, 409, 411-412.

"The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state-court judgments." *Gomes v. Santa Clara Cty*. (N.D.Cal. Aug. 17, 2020, No. 5:18-cv-04191-EJD) 2020 U.S.Dist.LEXIS 148095, 17. A party may not argue in federal court that a state court wrongly decided an issue. The doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser v. Wachovia Bank*, 525 F.3d 855, 858-59 (9th Cir. 2008).

> A "de facto appeal" occurs where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* at 859.

> "The *Rooker-Feldman* doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision." *Loumena v. Kennedy*, 2015 U.S. Dist. LEXIS 24254,

2015 WL 906070, at *5 (N.D. Cal. Feb. 27, 2015). The doctrine may even apply when the merits of a state court decision are not directly contested. The relevant inquiry is whether a plaintiff's claim would "require review of the relevant state-court decisions."

*Gomes* at 17-18.

In *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867, the Court held that "[t]he courts of this state cannot permit a litigant to "shop" for a judge through the device of filing a lawsuit against those judges who enter rulings adverse to the litigant . . . Such an obvious attempt to manipulate the legal system will not be condoned."

It is axiomatic that a federal court cannot consider a claim that an alleged erroneous state court order violated a plaintiff's federal rights. *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Here, this suit is nothing more than an attempt to circumvent state court orders. Plaintiffs admit this case is one stemming from an underlying state case on the face of their Complaint. Thus, this Court lacks subject matter jurisdiction over the action.

**IV.   The Court should grant Defendants' Motion to Dismiss on the basis that the two conspiracy-premised causes of action (RICO and Civil Rights) fail to state plausible claims.**

Plaintiffs have failed to plausibly allege a vast, far-reaching conspiracy involving the Judicial and non-judicial Defendants to support Plaintiffs' Civil Rights and RICO causes of action against the non-judicial defendants.

- 20 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Plaintiffs' conspiracy-dependent claims require, but fail to assert, plausible allegations against many State Court Judicial actors. Plaintiffs' Civil Rights and RICO conspiracy claims must be dismissed because Plaintiffs fail to plausibly allege and to cite any plausible evidence that substantiates the involvement of or an actual conspiracy of the moving defendants. Instead, the inferences Attorney Ison demands that the Court draw from the RICO and Civil Rights allegations are entirely speculative and implausible.

A. **The Civil Rights conspiracy claim (4th Cause of Action) fails because Plaintiffs Have Failed to State Claims Cognizable Under 42 U.S.C. § 1983 Against Any Non-Judicial Defendant.**

As argued *supra*, "the *Rooker-Feldman* doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision." *Gomes*, at 17-18.

Plaintiffs' civil rights claims against the moving defendants also independently fail to plausibly state a cause of action. In their Complaint, Plaintiffs allege that the moving defendants engaged in activity or conspired to engage in activity that constituted violations of 42 U.S.C. § 1983 and of the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961, et seq.).

Plaintiffs allege that "[t]he Mercury Defendants, KSM Defendants and Diamond Defendants conspired with Judge Schulman to deprive Plaintiffs of the rights, privileges, and immunities secured by the Constitution and laws of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

the United States under the color of state law." (Complaint ¶ 162). Plaintiffs

further allege that "[a]s a direct and proximate result of above-referenced

defendants' actions, Plaintiffs have been damaged and entitled to recover

actual damages, costs of suit and attorney's fees." (Complaint ¶ 163).

The only purported evidence cited in Plaintiffs' Complaint to support his

conspiracy are adverse rulings against both Attorney and Attorney's Clients in

the pending state court actions. Moreover, Plaintiffs fail to cite any plausible

evidence to substantiate a conspiracy between the non-judicial and judicial

defendants.

Plaintiffs' Complaint does not, and cannot, assert that the non-judicial

defendants fit the category of "state actors" as required by statutes focused on

Judicial Immunity. There is no evidence presented to suggest that any non-

judicial defendants are "state actors" committing the alleged acts against

plaintiffs under color of state law. Plaintiffs' cited authority re: purported

exceptions to the state actor requirement are inapposite, plainly distinguishable

and unsupported by any plausible factual allegations.

**B.    Plaintiffs' RICO Claim <ins>(5th Cause of Action)</ins> fails and Must Also Be Dismissed.**

"In order to [prevail] under RICO, [a party] must prove both the existence

of an 'enterprise' and the connected 'pattern of racketeering activity.' The

enterprise is an entity. . . . The pattern of racketeering activity is, on the other

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

hand, a series of criminal acts as defined by the statute" *U.S. v. Turkette*, 452

U.S. 576, 583 (1981), 18 U.S.C. § 1962. Racketeering activity is any act

indictable under the provisions of 18 U.S.C. § 1961(1), referred to as "predicate

acts" under the statue. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir.

1997) [overruled on other grounds]. A "pattern" requires the commission of at

least two predicate acts of "racketeering activity" within a ten-year period. 18

U.S.C. § 1961(5). An "enterprise" includes "any individual, partnership,

corporation, association, or other legal entity, and any union or group of

individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

     Plaintiffs' Complaint alleges in conclusory fashion that the non-judicial

defendants "formed an enterprise whose activities affect interstate commerce."

(Complaint ¶ 165). Plaintiffs' Complaint fails to include any additional specific

factual allegations to support the assertion. Similarly, Plaintiffs allege that these

non-judicial defendants "participated in the conduct of the Enterprise's affairs

through a pattern of racketeering activity intended to extort money from

Plaintiffs." (Complaint ¶ 166). This purported conduct – set forth in the

preceding 160 paragraphs of the Complaint amounts to the alleged sham

mediation and a "conspiracy" to obtain the favorable Anti-Slapp rulings that

Plaintiffs disagree with. Plaintiffs allege that the alleged conduct – absolutely

protected by both the mediation and litigation privileges – instead, constitutes

"criminal offenses under 18 U.S.C. §§1341 and 1343 in that they devised a

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

scheme or artifice to obtain money from Plaintiffs and similarly situated persons by sending false statements through the United States mail and wire communications for the purpose of executing their scheme or artifice." (Complaint ¶ 167) Plaintiffs' Complaint fails to plead the specific role of each defendant in the alleged scheme. *Mohebbi v. Khazen*, 50 F.Supp.3d 1234, 1253 (N.D. Cal. 2014). Plaintiffs have also failed to set forth the time, place, and manner of the alleged conspiracy. *Grimmett v. Brown*, 75 F.3d 506, 608 (9th Cir. 1996). Instead, Plaintiffs claim that *all* of the defendants were complicit in *all* of the alleged misconduct alleged *anywhere* in the Complaint. In addition, Plaintiffs needed to claim an ongoing organization with at least two "predicate acts" of racketeering to state a RICO cause of action. *Odom v Microsoft Corp.*, 486 F.3d 541, 531 (9th Cir. 2007) Plaintiffs' Complaint vaguely alleges purported predicate acts of bank fraud/wire fraud. Plaintiffs fail to assert facts to satisfy the elements for any alleged RICO predicate act. Instead, these bare conclusory allegations, premised upon an alleged sham mediation and a state court judge's unfavorable rulings, fall dramatically short of stating the required plausible cause of action against the non-judicial defendants as to each and every required element of Plaintiffs' 5th Cause of Action for RICO.

Plaintiffs' RICO claim, which involves fraud, also fails because it is not plead with particularity pursuant to Rule 9(b). Fed. R. Civ. Proc. 9(b); *Lancaster Comty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991),

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

cert. denied, 502 U.S. 1094 (1992); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1061 (N.D. Cal. 1991). Rule 9(b) requires that a plaintiff allege the time, place, and manner of each predicate act, the nature of the scheme involved, and the role of each defendant in the scheme. *Lancaster Comty. Hospital*, 940 F.2d at 405.

To allege a violation of the mail fraud statute, it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud. *United States v. Green*, 745 F.2d 1205, 1207-08 (9th Cir. 1984), cert den., 474 U.S. 925 (1985); Similarly, a wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud. *United States v. Louderman*, 576 F.2d 1383, 1387-88 & n.3 (9th Cir. 1978), cert. den., 439 U.S. 896 (1978).

This Court should dismiss Plaintiffs' Complaint because Plaintiffs' conclusory statements and minimal factual allegations do not satisfy Rule 9(b)'s requirement that fraud claims be pleaded with particularity. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir. 2003). Here, Plaintiffs' RICO claims fail because they fail to plausibly aver a conspiracy, and because the underlying

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

allegations do not set forth a valid claim for a RICO violation. Plaintiffs' fraud-based RICO claims fail because they do not adequately plead the required elements, including failing to specify with the requisite particularity the non-judicial defendants' alleged individual roles in the alleged racketeering scheme, to plead an enterprise theory, or to properly plead the predicate acts of mail or wire fraud. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *Lancaster Comty. Hospital*, 940 F.2d at 405. Plaintiffs' allegations of a mediation attendance dispute and adverse rulings in the pending state case fail to meet these heightened pleading standards.

## **CONCLUSION**

For the reasons stated herein, the non-judicial defendants request that this Court grant this motion and dismiss Plaintiffs' Complaint in its entirety without leave to amend.

DATED: September 29, 2021   KERN, SEGAL & MURRAY

By:   /s/ Philip A. Segal
PHILIP A. SEGAL
phil@kernlaw.com
Attorneys for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**