SARAH L. OVERTON (CSB # 163810)
LINDSAY N. FRAZIER-KRANE (CSB# 251631)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 facsimile
soverton@cmda-law.com
Attorneys for Defendants
the Honorable Tani Cantil-Sakauye,
Chief Justice of California;
the Honorable Ethan P. Schulman,
Judge of the Superior Court of California,
County of San Francisco;
Judicial Council of California; and
Superior Court of California,
County of San Francisco

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES J. ISON, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | CASE: **2:21−CV−01546−MCE−KJN**<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES;** [F.R. Civ. P. Rules 12(b)(1) and (6)]<br><br>Judge: Hon. Morrison C. England, Jr. |

COMES NOW the moving parties the Honorable Tani Cantil-Sakauye, Chief Justice of California (Chief Justice); the Honorable Ethan P. Schulman, Judge of the Superior Court of California, County of San Francisco (Judge Schulman); Judicial Council of California (JCC); and Superior Court of California, County of San Francisco (Superior Court), hereby respectfully submit this reply to plaintiffs' opposition to defendants' motion to dismiss the first amended complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and (6).

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff James Ison and his law firm (collectively "plaintiffs") assert constitutional and statutory civil rights claims against the Chief Justice, JCC and San Francisco Superior Court Judge Schulman, and seek damages, injunctive and declaratory relief against the Chief Justice and Judicial Council, Judge Schulman and the Superior Court.  Those claims are based on rulings by Judge Schulman, including orders granting defendants' anti-SLAPP motion, awarding attorneys' fees, and finding plaintiff Ison in contempt, as well as on the JCC's assignment of Judge Schulman three years earlier to sit temporarily on the California Court of Appeal.  Plaintiff Ison has appealed from Judge Schulman's rulings, and that appeal is pending.  As shown in defendants' moving papers, plaintiffs' claims against the Chief Justice, JCC, Superior Court and Judge Schulman are barred on multiple grounds, including lack of standing, lack of subject matter jurisdiction under the *Younger* abstention doctrine, the Eleventh Amendment, and absolute judicial immunity.  The bottom line is this: Federal courts do not interfere with pending state court litigation, much less entertain constitutional claims for damages and injunctive relief against individual state court judges, merely because a litigant is disappointed with an adverse ruling.  Plaintiffs' opposition fails to rebut the extensive authority cited in the moving papers.  This action therefore must be dismissed without leave to amend.

## II.

## THE FAC AGAINST THE CHIEF JUSTICE AND JCC MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT DEMONSTRATED, AND CANNOT DEMONSTRATE, ARTICLE III STANDING

Plaintiffs' opposition to the motion to dismiss does not defeat any argument as to why Chief Justice and JCC should not be dismissed due to lack of Article III

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

standing.  As set forth in the motion to dismiss, to establish Article III standing, the plaintiff must demonstrate "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

Plaintiffs' opposition contends that they have a suffered a concrete and cognizable injury.  (Opp., p. 23-24.)  In order to support this contention, plaintiffs cite to *Zaremberg v. Superior Court*, (2004) 115 Cal.App.4th 111, 115, fn. 4, in which the Court of Appeal, Third Appellate District, recused itself and transferred the matter to another district in an exercise of caution because counsel for petitioner was a former justice of their Court.  Plaintiffs argue that Judge Schulman's temporary assignment "to the same appellate court that will review his decision in this case thereby irreparably tainting the fairness of the process and Ison's ability to obtain a fair hearing in that court."  (Opp., p. 24.)  Plaintiffs then conclude they have suffered a concrete and cognizable injury.  Essentially, plaintiffs allege all justices of the Court of Appeal, First Appellate District, will be biased against plaintiffs in future appeals of orders issued by Judge Schulman because he was assigned to sit pro tem on the Court of Appeal from January through July of 2018.

Despite these unsupported allegations of inherent bias by all justices presiding over cases in the First District Court of Appeal, plaintiffs have still failed to allege they have suffered an "injury in fact," that is not conjectural, and is traceable to the Chief Justice and JCC.  The motion to dismiss was brought on the basis that plaintiffs lack Article III standing to proceed against the Chief Justice and JCC.  Plaintiffs only alleged fact pertaining to the Chief Justice and the JCC is that at some time in the past, the Chief Justice temporarily assigned Judge Schulman to sit in the Court of Appeal.  Plaintiffs' opposition alleges "Judge

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

3

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Schulman served on the First District of Appeal in 2018 and 2019, and may serve again." (Opp., p. 17.)

Plaintiffs have failed to make any connection between the Chief Justice and JCC, and a speculative bias against plaintiffs in a hypothetical future appeal before the First District Court of Appeal. This assertion is wholly insufficient to meet the first element of Article III standing that, as to the Chief Justice and JCC, plaintiffs suffered an "injury in fact" which is "concrete and particularized" and "not conjectural or hypothetical."

Plaintiffs also failed to demonstrate the second element that any injury is "fairly traceable" to action of these defendants. Finally, plaintiffs cannot demonstrate the third element that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Accordingly, plaintiffs do not have Article III standing, the Court does not have jurisdiction and this action against the Chief Justice and JCC must be dismissed without leave to amend.

## III.

## THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE

Plaintiffs' opposition alleges that the *Younger* abstention doctrine does not apply because the third and fourth threshold elements cannot be satisfied. It is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris,* 401 U.S. 37, 40-41 (1971). Indeed, abstention is required if the "the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. (Citations.)" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018).

Plaintiffs do not contest that the state proceedings are ongoing. With respect to the third element, plaintiffs assert that there is no important state interest

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

involved in this matter because plaintiffs seek injunctive relief pertaining to their case only.  (Opp., p. 21.)  Plaintiffs' contention is without merit. This case involves the state's interest in enforcing the orders issued in its court in the *Ison* case. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987) ("States have important interests in administering certain aspects of their judicial systems.); *E.T. v. George*, 681 F.Supp.2d 1151, 1175 (E.D. Cal. 2010).  The action also implicates an important California state interest in administering its system of justice free from federal influence.  *See, e.g., Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

Plaintiffs also allege that the fourth element is not met because plaintiff Ison has no opportunity to litigate his federal claims in state court.  However, this contention is incorrect given plaintiffs can raise any federal question in the *Ison* case in an appeal to a higher state court.

As set forth in the motion to dismiss, there is further reason to grant abstention in this case which was not addressed by plaintiffs' opposition.  Here, plaintiffs specifically seek an injunction prohibiting the Chief Justice and Judge Schulman "from continuing to violate Plaintiffs' civil rights."  If the District Court were to grant that relief, the Court would be required to continuously monitor and/or intervene in ongoing state court proceedings to ensure that plaintiffs' rights are not being violated by the Chief Justice and/or Judge Schulman.  This ongoing federal court intervention has been strictly rejected based upon *Younger* abstention principles.  *See, O'Shea v. Littleton* 414 U.S. 488, 501–502 (1974); *E.T. v. George,* 681 F.Supp.2d 1151, 1162 (E.D. Cal. 2010).

Accordingly, because the *Younger* abstention doctrine applies in this case, the motion to dismiss must be granted without leave to amend.

## IV.

## THE ELEVENTH AMENDMENT BARS THE FAC

Plaintiffs' opposition alleges that the Eleventh Amendment does not bar this action against the moving defendants because plaintiffs seek only injunctive

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

5
REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

relief and not monetary damages.  (Opp., pp. 22-23.)  Plaintiffs allege they can bring their claims against the moving parties under *Ex Parte Young*, 209 U.S. 123 (1908), for prospective injunctive relief "that will stop Judge Schulman from continuing to violate his constitutional rights and cause him additional harm." (Opp., p. 23.)   However, *Ex Parte Young* does *not* apply in this case.  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002).

Here, there is no ongoing violation of federal law alleged in the first amended complaint.   Plaintiffs allege that Judge Schulman has previously deprived them of constitutional rights and speculate that in the future the First District Court of Appeal will be biased in favor of Judge Schulman.  There is nothing about these two contentions which demonstrate an ongoing violation of federal law.   Thus, the first amended complaint is barred by the Eleventh Amendment.

## V.

## ABSOLUTE JUDICIAL IMMUNITY BARS THE FAC AGAINST JUDGE SCHULMAN AND THE SUPERIOR COURT

Plaintiffs' opposition alleges that judicial immunity only applies in suits for damages.  Plaintiffs cite *Pulliam v. Allen,* 466 U.S. 522 (1984), for the proposition that judicial immunity does not bar a case for prospective injunctive relief brought pursuant to 42 United States Code section 1983.

However, in 1996, Congress amended 42 United States Code section 1983 in order to abrogate the holding in Pulliam.  *Justice Network Inc. v. Craighead County,* 931 F.3d 753, 763 (8th Cir. 2019).  The amended section 1983 now reads that "in any action brought against a judicial officer for an act or omission taken in

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." "Congress chose in the FCIA to focus on judicial officers acting in a judicial capacity because it sought to 'restore[ ] the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in *Pulliam v. Allen*….'" *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018).

Plaintiffs' first amended complaint makes no contention that declaratory relief was unavailable.  Plaintiffs' opposition only contends declaratory relief is not "appropriate." (Opp., p. 16.)  In support of this contention, plaintiffs cite to several United States District Court cases by case number without clarification regarding what documents are being referenced. (Opp., pp. 16-17.)  Plaintiffs also cite to *United States v. Doherty*¸786 F.2d 491, 498 (2d Cir. 1986), and *Clark v. Memolo*, 174 F.2d 978, 981 (D.C. Cir. 1949), which contain discussions regarding the Declaratory Judgment Act, 28 U.S.C. section 2201, et seq., which is the third claim against these moving defendants.  However, this case law does not support a finding that declaratory relief was unavailable to plaintiffs.

Indeed, judicial immunity applies regardless of whether plaintiffs seek monetary damages, injunctive or declaratory relief.  *Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankr. Court for Dist. of Nevada,* 828 F.2d 1385, 1394 (9th Cir. 1987); *Updike v. City of Gresham*, 62 F. Supp. 3d 1205, 1212 (D. Or. 2014).  This is because judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In the present case, judicial immunity applies because plaintiffs' allegations against Judge Schulman solely concern his judicial acts, i.e. issuing the orders granting the anti-SLAPP motion, denying the motion for reconsideration and holding plaintiff Ison in contempt.  Plaintiffs contend these orders were erroneous, prejudicial and violated plaintiff Ison's Constitutional rights.  However, regardless

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

of how plaintiffs characterize these judicial acts judicial immunity still applies. Furthermore, although plaintiffs seek injunctive and declaratory relief, judicial immunity still applies.   Accordingly, the motion to dismiss should be granted without leave to amend.

## VI.

## THE FAC FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

With respect to plaintiffs' first and second claims for Constitutional violations of due process rights pursuant to 42 U.S.C. § 1983, plaintiffs' opposition cites to numerous cases analyzing due process rights but fails to address the authority set forth in defendants' motion to dismiss.   Preliminarily, plaintiffs cannot bring the two section 1983 claims for injunctive relief against Judge Schulman and the Chief Justice pursuant to the plain language of the statute as there is no allegation in the first amended complaint that a declaratory decree was violated or declaratory relief was unavailable.

Plaintiffs' opposition contends that "[d]eclaratory relief is not an appropriate vehicle for stopping Judge Schulman from continuing to violate Ison's constitutional rights as their dispute has progressed well past the point of peaceable resolution." (Opp., p. 17.)  While plaintiffs' opposition is unclear, this contention appears to be based upon plaintiffs' belief that all justices of the Court of Appeal for the First Appellate District are biased in favor of Judge Schulman because of his temporary assignment in 2018 and 2019.   (Opp., p. 17.)   Despite these unfounded allegations of systematic bias, plaintiffs have failed to allege that declaratory relief is unavailable.

Second, section 1983 does not apply to the JCC or to the Superior Court because neither is a "person" under the statute.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).   Plaintiffs have provided no authority demonstrating the JCC or Superior Court are "persons" within the meaning of

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

section 1983.  Additionally, as set forth in the motion to dismiss, a suit against the Superior Court or the JCC is also considered a suit against the state.  Accordingly, plaintiffs cannot state a claim for civil rights violations against the JCC or the Superior Court as a matter of law and the motion to dismiss the first and second claims against these entities must be granted without leave to amend.

As set forth in the motion to dismiss, plaintiffs have failed to allege *any* facts to support plaintiffs' second claim that the Chief Justice and the JCC violated plaintiffs' Fourteenth Amendment due process rights by temporarily assigning Judge Schulman to the Court of Appeal.  Plaintiffs' opposition does not provide any additional factual allegations to support this claim.  Accordingly, the motion to dismiss the second claim against the Chief Justice and JCC must be granted without leave to amend.

As to Judge Schulman and the Superior Court, plaintiffs have failed to plead facts to support a claim that they violated his Fourteenth and Fifth Amendment due process rights in the *Ison* case.  Plaintiffs' opposition does not provide any additional factual allegation to support these claims and instead merely recites what is already alleged in the first amended complaint.  Plaintiffs have failed to plead facts sufficient to demonstrate that they were not given notice or an opportunity to be heard in the *Ison* case.  As such, the motion to dismiss the first claim against Judge Schulman and the Superior Court must be granted without leave to amend.

Plaintiffs' first cause of action for alleged violation of free speech is based upon a contention that Judge Schulman violated plaintiff Ison's First Amendment right to free speech by holding him in contempt in *Ison*.  As set forth in the motion to dismiss, plaintiffs' claim fails as Judge Schulman is charged with preserving decorum that permits a reasoned resolution of issues and counsel, such as plaintiff Ison, are not entitled to flout that authority behind the shield of the First Amendment.  Therefore, plaintiffs cannot maintain their first cause of action

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

9

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1   against Judge Schulman and the motion to dismiss must be granted without leave
2   to amend.

3       With respect to plaintiffs' third claim for relief for declaratory judgment
4   pursuant to 28 U.S.C. § 2201, plaintiffs cannot maintain that cause of action as a
5   matter of law because 28 U.S.C. § 2201 is simply a legal remedy.  Plaintiffs'
6   opposition does not address this authority.  As set forth in the motion to dismiss,
7   plaintiffs cannot state their third claim for a declaratory judgment as a matter of
8   law.

## VII.

## CONCLUSION

11      Accordingly, for these and all of the foregoing reasons, the motion to
12  dismiss plaintiffs' first amended complaint must be granted and the first amended
13  complaint dismissed *without* leave to amend.

14  Dated: January 20, 2022    CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.

16                  By:     /S/ Lindsay N. Frazier-Krane
17                          Sarah L. Overton, Esq.
                            Lindsay N. Frazier-Krane, Esq.
18                          Attorneys for Defendants,
                            the Honorable Tani Cantil-Sakauye,
19                          Chief Justice of California;
                            the Honorable Ethan P. Schulman,
20                          Judge of the Superior Court of California,
21                          County of San Francisco;
                            Judicial Council of California; and
22                          Superior Court of California,
                            County of San Francisco
23

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California.  I am over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on January 20, 2022, I electronically filed the foregoing **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; [F.R. Civ. P. Rules 12(b)(1) and (6)],** with the Clerk of the Court by using the CM/ECF system.  I certify that participants in the case that are registered CM/ECF users will receive service that will be accomplished by the appellate CM/ECF system.

Executed on January 20, 2022, in Riverside, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Charmaine Apacible
Charmaine Apacible

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT