UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. ISON AND THE ISON LAW FIRM, PC,<br><br>                Plaintiffs,<br><br>     v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO, ETHAN P. SCHULMAN, et al.,<br><br>                Defendants. | No.  2:21-cv-01546-JAM-KJN<br><br>**ORDER GRANTING DIAMOND DEFENDANTS' MOTION TO DISMISS (ECF NO. 38)** |

The matter is before the Court on Stuart D. Diamond and Stuart D. Diamond Law & Mediation Office's ("Diamond Defendants") motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). FAC, ECF No. 12.; Mot. to Dismiss ("Mot."), ECF No. 38. Plaintiffs oppose the motion. See Opp'n, ECF No. 46.  Defendants replied.  See Reply, ECF No. 48.  For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss.[1]

---

[1]This motion was deemed suitable for submission without hearing under E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 11, 2023.

1

1                              I.   BACKGROUND

2          The parties are familiar with the facts of this case.  The

3     Court will therefore only repeat them as necessary to support its

4     Order herein.  This action stems from an unsuccessful mediation

5     session in the case of Talens v. The Japanese Feast, Inc. (Case

6     No. 19-cv-05403).  FAC ¶ 63.  Plaintiffs represented Brenda

7     Talens.  Defendant Mercury Casualty insured and defended The

8     Japanese Feast, Inc.  Id. ¶ 65.  Defendant Diamond mediated the

9     session on December 16, 2020.  Id. ¶ 103.

10         The mediation concluded after four hours without a

11    settlement.  Id. ¶ 85.  Because parties were held in separate

12    conference rooms during the mediation, Plaintiffs did not see the

13    other side.  Id. ¶ 71.  Plaintiffs began to suspect that

14    Defendant Mercury's adjuster, Defendant Brenda Strong, did not

15    actually attend the mediation.  Id. ¶ 83.  Plaintiffs requested

16    confirmation from Defendant Diamond the next day that Strong had

17    in fact been in attendance.  Id. ¶ 73.  Strong's attendance at

18    the mediation was one of the conditions Plaintiffs raised in

19    Talen to dismiss one of Mercury's insured from the suit.  Id.

20    ¶¶ 72-83.  Defendant Diamond presented proof of Strong's

21    attendance, including a signed attendance sheet, parking

22    receipts, and a voided check for lunch costs, but Plaintiffs

23    remained unsatisfied.  Id.  Plaintiffs refused to dismiss the

24    agreed upon party from suit, prompting Mercury to seek monetary

25    sanctions against them for failure to dismiss.  Id.

26         This prompted Plaintiffs to file a state action in San

27    Francisco Superior Court against Mercury and Kern Segal, the

28    attorney representing Mercury.  Id. ¶¶ 91-92.  Plaintiffs

                                    2

1   asserted defamation, abuse of process, civil rights violation,

2   intentional infliction of emotional distress, fraud and deceit,

3   and violations of California's Unfair Competition Law ("UCL"),

4   Cal. Bus. & Prof Code §§ 1700, et seq.  In response, Mercury

5   filed, and Defendant Judge Schulman granted an anti-SLAPP motion,

6   striking all claims.  See July 12, 2021, Order, Defs.' Request

7   for Judicial Notice ("RJN"), ECF No. 15-4.  The state court found

8   that the defendants in state court had provided ample evidence

9   Strong was physically present at the mediation.  Id.

10      Plaintiffs moved for reconsideration and, in their motion,

11  made numerous accusations that attacked the integrity of Judge

12  Schulman and the bench on which he sits.  See September 20, 2021,

13  Order, Defs.' RJN, ECF No. 15-6.  Plaintiffs doubled down on

14  their attacks in their opposition to Mercury's motion to tax

15  costs.  Id.  Judge Schulman denied Plaintiffs' motion for

16  reconsideration and granted Mercury's motion for costs.  Id.

17  Judge Schulman also found Mr. Ison in direct contempt for his

18  statements attacking the court, fined him $5,000, and directed

19  the clerk of court to forward his findings and judgment to the

20  State Bar.  Id.  Plaintiffs appealed Judge Schuman's order.  The

21  appellate court dismissed the appeal.

22      On August 27, 2021, Plaintiffs filed suit in federal court

23  based on the same facts, alleging claims for constitutional

24  violations, violations of the Racketeer Influenced and Corrupt

25  Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., and fraud.

26  Plaintiffs sued both judicial and non-judicial defendants.  The

27  Judicial Defendants include Chief Justice of California Tani

28  Cantil-Sakauye, Judge Ethan P. Schulman, the Judicial Council of

1   California, and the Superior Court of California, County of San

2   Francisco.  The Non-Judicial Defendants include Mercury General

3   Corporation (erroneously sued as Mercury Insurance Company),

4   Mercury Casualty Company, California Automobile Insurance

5   Company, Randall R. Petro, Tara L. Strong, Kern Segal & Murray,

6   Phillip A. Segal, Bryana S. McGuirk, Todd P. Drakeford, Michael

7   G. Thomas (erroneously sued as Michael S. Thomas), Grace M.

8   Harriett (erroneously sued as Grace M. Harriet), Stuart D.

9   Diamond, and Stuart Diamond Law & Mediation Office.

10      All Judicial Defendants and all Non-Judicial Defendants,

11   except for Stuart D. Diamond and Stuart Diamond Law & Mediation

12   Office, moved to dismiss Plaintiffs' claims against them.  See

13   ECF Nos. 15 & 22.  The Court granted both motions and dismissed

14   all claims with prejudice.  Because Diamond Defendants had not

15   been served, the Court issued an order to show cause as to why

16   service had not been completed within 90 days per Fed. R. Civ.

17   P. 4(m).  ECF No. 28.  Plaintiffs filed a satisfactory response

18   and thereafter cured service.  Defendants Diamond and Diamond Law

19   come now before the Court to request dismissal of the claims

20   against them under Fed. R. Civ. P. 12(b)(1) for lack of subject

21   matter jurisdiction.

22                          II.   OPINION

23      A.   Legal Standard

24      Federal courts are courts of limited jurisdiction.  Kokkonen

25   v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The

26   burden of establishing jurisdiction rests upon the party

27   asserting it.  Id.  Lack of subject matter jurisdiction may be

28   raised by either party at any point during the litigation via

1    12(b)(1) motion.  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

2    Even if parties do not raise it, the Court has an affirmative

3    duty to determine whether subject matter jurisdiction exists.

4    Fed. R. Civ. P. 12(h)(3).  "Jurisdiction is power to declare the

5    law, and when it ceases to exist, the only function remaining to

6    the court is that of announcing the fact and dismissing the

7    cause."  Ex parte McCardle, 74 U.S. 506, 514 (1869).

8        When a party makes a facial attack on a complaint,

9    jurisdiction must be determined on the pleadings.  Safe Air for

10   Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The

11   Court shall consider the factual allegations of the complaint to

12   be true and determine whether they establish subject matter

13   jurisdiction.  Savage v. Glendale Union High Sch. Dist. No., 205,

14   343 F.3d 1036, 1039, n.1 (9th Cir. 2003)

15       B.   Discussion

16       Defendants assert that Plaintiffs' claims are barred by the

17   Rooker-Feldman doctrine and principles of res judicata and that

18   the Court therefore lacks subject matter jurisdiction over this

19   case.  For the reasons below, the Court agrees.

20            1.   Rooker-Feldman Doctrine

21       "Under Rooker-Feldman, a federal district court does not

22   have subject matter jurisdiction to hear a district appeal from

23   the final judgment of a state court."  Noel v. Hall, 341 F.3d

24   1148, 1154 (9th Cir. 2003).  When a plaintiff loses his case in

25   state court and then seeks relief from the allegedly erroneous

26   state court judgment in federal court, the resulting federal suit

27   is "a forbidden de facto appeal."  Id. at 1156.  Not only is a

28   district court barred from hearing de facto appeals from state

1  court, a district court "must also refuse to decide any issue

2  raised in the suit that is 'inextricably intertwined' with an

3  issue resolved by the state court in its judicial decision."  Id.

4  at 1158.

5       Of the three claims levied against the Diamond Defendants,

6  Plaintiffs' § 1983 and RICO claims are squarely barred by Rooker-

7  Feldman.  As Plaintiffs admit, "Plaintiffs' federal claims are

8  premised on Mercury's, Diamond's and Kern Segal's violation of

9  his constitutional rights flowing from their colluding with a

10  state court judge to effectuate a result designed to damage

11  Plaintiffs and enrich themselves."  Opp'n at 16 (emphasis added).

12  As such, these claims clearly seek to redress an injury inflicted

13  by the state court's decision and therefore fall under the purvey

14  of Rooker-Feldman.  As the Ninth Circuit in Noel instructs,

15  "[t]he Rooker-Feldman doctrine, generally speaking, bars a

16  plaintiff from bringing a § 1983 suit to remedy an injury

17  inflicted by the state court's decision."  Noel, 341 F.3d at 1165

18  (quoting Jensen v. Foley, 295 F.3d 745, 747-48 (7th Cir. 2002))

19  (internal citations omitted).  Because Plaintiffs characterize

20  their Civil Rights Act and RICO causes of action the same way,

21  namely that both "flow[] from [Defendants] colluding with a state

22  court judge," both come within the scope of Rooker-Feldman.

23  Opp'n at 16.  Accordingly, this Court finds it lacks subject

24  matter jurisdiction to hear either claim.

25       What remains is Plaintiffs' fraud claim, which is based on

26  the same set of facts as Plaintiffs' fraud claim in the state

27  court action.  Because the state court already ruled on

28  Plaintiffs' fraud claim and because the facts are largely

1  duplicative, Plaintiffs' fraud claim is "inextricably

2  intertwined" with the state court judgment below.  "Once a

3  federal plaintiff seeks to bring a forbidden de facto appeal, as

4  in Feldman, that federal plaintiff may not, as part of the suit

5  in which the forbidden appeal is brought, seek to litigate an

6  issue that is 'inextricably intertwined' with the state court

7  judicial decision from which the forbidden de facto appeal is

8  brought."  Noel, 341 F.3d 1158.  Accordingly, this Court finds it

9  also lacks subject matter jurisdiction over Plaintiffs' fraud

10  claim and the Diamond Defendants are entitled to dismissal of

11  Plaintiffs' fourth, fifth, and sixth claims against them.

12  Further finding that amendment would be futile, the Court

13  dismisses these claims with prejudice.  Deveraturda v. Globe

14  Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

15          2.    Res Judicata

16      Diamond Defendants assert that the same claims barred by

17  Rooker-Feldman are also barred by the doctrine of res judicata.

18  Mot. at 7.  Under 28 U.S.C. § 1738, federal courts must give

19  "full faith and credit" to judgments of state courts.  In

20  California, claim preclusion applies if (1) the second lawsuit

21  involves the same "cause of action" as the first, (2) the first

22  lawsuit resulted in a final judgment on the merits, and (3) the

23  party claim preclusion is being asserted against was a party, or

24  in privity with a party, to the first lawsuit.  Bernhard v. Bank

25  of Am. Nat. Trust & Sav. Ass'n, 19 Cal.2d 807, 812, 122 P.2d 892

26  (1942).

27      Having found dismissal proper under the Rooker-Feldman

28  doctrine, the Court will not belabor its analysis under res

judicata.  As the Court previously observed, the conduct at issue is the same conduct adjudicated in the underlying San Francisco Superior Court state proceedings, only now repackaged for federal court.  Further, there has been a final judgment on the merits of the state court and there is no appeal pending.  Finally, Plaintiffs are parties in both actions, satisfying the last element for claim preclusion.  As such, claim preclusion is appropriate.  It suffices here to say that had any claim not been dismissed under <u>Rooker-Feldman</u>, it would have been dismissed under claim preclusion.

                           III.   ORDER

     For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss with prejudice.

     IT IS SO ORDERED.

Dated: August 21, 2023

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE