UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. ISON AND THE ISON LAW FIRM, PC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO, ETHAN P. SCHULMAN, ET AL.,<br><br>    Defendants. | No. 2:21-cv-01546 JAM-KJN<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO VACATE JUDGMENT AND ORDER** |

Before this Court is Plaintiffs' Motion (ECF No. 63) to vacate the August 24, 2023, judgment for Defendants (ECF No. 62) and the September 27, 2022, Order granting Defendants' motions to dismiss (ECF No. 28).[1] The Court finds that Plaintiffs are not entitled to an order vacating the order granting the motions to dismiss and judgment. Under Federal Rule of Civil Procedure 60(b)(6), Plaintiffs have the burden of demonstrating that this motion to vacate was made within a reasonable time and

---

[1] Plaintiffs' request for oral argument is denied. The Court finds that this Motion is suitable for decision without hearing under E.D. Cal. L.R. 230(g). The hearing set for October 31, 2023, is vacated.

1

extraordinary circumstances justify vacating the order and judgment.  Plaintiffs have failed to meet their burden.

In their motion and supporting papers, Plaintiffs fail to set forth any <u>facts</u> to support their arguments.  Instead, Plaintiffs' motion is supported by impermissible hearsay, innuendo, and speculation.  Plaintiffs' "evidence" does not establish grounds for judicial recusal or the extraordinary circumstances that must be shown to warrant vacating the order and judgment in this case.  Plaintiffs repeat several arguments in this motion that were previously raised and rejected in their motion for reconsideration. Finally, Plaintiffs have not met their burden of demonstrating that this motion is timely, i.e., Plaintiffs have not set forth any facts explaining why they waited over a year to file this motion to vacate.  For all these reasons, Plaintiffs' motion to vacate is denied.[2]

IT IS SO ORDERED.

Dated:  October 23, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The cases relied upon by Plaintiffs in support of their motion herein, e.g., <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 863-864 (1988) and <u>Dennis v. Sparks</u>, 449 U.S. 24 (1980) are easily distinguishable from this case and wholly insufficient to establish grounds for the relief sought by Plaintiffs here.